IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| JUAN CARLOS AGUILAR MENDEZ and JOEL AGUILAR MENDEZ, | : : : : : | Civil Action File No. |
| Plaintiff, | : : | Jury Trial Demanded |
| vs. | : : : | |
| PREMIER MAINTENANCE, INC. and MICHAEL R. GOWER, | : : : | |
| Defendants. | | |

---

## COMPLAINT

---

Plaintiffs Juan Carlos Aguilar Mendez ("Juan Carlos") and Joel Aguilar Mendez ("Joel") (collectively "Plaintiffs"), bring this Complaint against Defendants Premier Maintenance, Inc. ("Premier") and Michael R. Gower ("Gower") showing the Court:

## 1. INTRODUCTION

1.

This is an FLSA case. Plaintiffs bring this action because Defendants, their former employers, failed to compensate them at or above the minimum wage; failed to compensate them at one-and-one-half times their regular rate for work

performed over forty hours in a week, and terminated Juan Carlos' employment in retaliation for conduct protected by the FLSA.

2. **JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Premier is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

3. **THE PARTIES**

4.

Juan Carlos resides in Gwinnett County, Georgia.

5.

Premier employed Juan Carlos as a landscaper in and around Atlanta, Georgia from approximately March 2014 until May 29, 2015.

6.

At all times material hereto, Juan Carlos was an "employee" of Premier as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From in or about March 2014 until May 29, 2015, Juan Carlos was "engaged in commerce" as an employee of Premier as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

At all times material hereto, Premier was an "employer" of Juan Carlos as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Juan Carlos resides in Gwinnett County, Georgia.

10.

Premier employed Joel as a landscaper in and around Atlanta, Georgia from approximately October 1, 2014 until December 22, 2014 and again from approximately late April 2015 until May 29, 2015.

11.

At all times material hereto, Joel was an "employee" of Premier as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

12.

At all times relevant from October 2014 through May 29, 2015, Joel was "engaged in commerce" as an employee of Premier as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

At all times material hereto, Premier was an "employer" of Joel as defined in
FLSA § 3(d), 29 U.S.C. §203(d).

14.

Premier is a corporation organized under the laws of the State of Georgia.

15.

Premier is subject to the personal jurisdiction of this Court.

16.

Premier may be served with process through its registered agent Michael R.
Gower located at 469 Quail Creek Drive, Monroe, Georgia.

17.

Gower resides within Walton County, Georgia.

18.

At all times material hereto, Gower was an "employer" of Plaintiffs as defined
in FLSA § 3(d), 29 U.S.C. §203(d).

19.

Gower is subject to the personal jurisdiction of this Court.

20.

Gower may be served with process at 469 Quail Creek Drive, Monroe, Georgia.

21.

At all times relevant from March 2014 through May 29, 2015, Premier was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During 2014, Premier had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Premier had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

At all times relevant hereto, two or more of Defendants' employees handled the flowing materials that had been moved in or produced for commerce: lawn mowers, leaf blowers, string trimmers, vehicles, trailers, gasoline, oil, computers and cell phones.

25.

During 2014, Premier had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, Premier had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Premier had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Premier had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times material hereto, Premier was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

30.

At all times material hereto, Gower exercised operational control over the work activities of Plaintiffs.

31.

At all times material hereto, Gower was involved in the day to day operation of Premier for which Plaintiffs worked.

32.

At all times material hereto, Premier vested Gower with supervisory authority over Plaintiffs.

33.

At all times material hereto, Gower exercised supervisory authority over Plaintiffs.

34.

At all times material hereto, Gower scheduled Plaintiffs working hours or supervised the scheduling of Plaintiffs' working hours.

35.

At all times material hereto, Gower exercised authority and supervision over Plaintiffs' compensation.

36.

At all times material hereto, Juan Carlos was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

37.

At all times material hereto, Premier did not employ Juan Carlos in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Premier did not employ Juan Carlos in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

39.

At all times material hereto, Premier did not employ Juan Carlos in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

40.

At all times material hereto, Premier  did not employ Juan Carlos in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

41.

At all times material hereto, Juan Carlos was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

42.

At all times material hereto, Joel Carlos was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

43.

At all times material hereto, Premier did not employ Joel in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, Premier did not employ Joel in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Premier did not employ Joel in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

46.

At all times material hereto, Premier did not employ Joel in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

47.

At all times material hereto, Defendants were in the business of providing commercial and residential landscaping services.

48.

At all times material hereto, Defendants paid Plaintiffs a daily wage rate.

49.

At all times material hereto, Plaintiffs' main duties included landscape installation, lawn care, installing pavers, building retaining walls and irrigation installation.

50.

Defendants controlled the time, method and manner of the work performed by Plaintiffs.

51.

Plaintiffs did not have the ability to hire helpers or to otherwise affect his economic circumstances by working more efficiently.

52.

At all times relevant, Plaintiffs were economically dependent on Defendants for his financial wellbeing.

53.

Plaintiffs were not independent contractors.

54.

At all times material hereto, Defendants provided all materials and tools necessary for Plaintiffs to complete job tasks.

55.

At all times material hereto, Plaintiffs were required to punch in at the beginning of each work shift and punch out at the end of each shift.

56.

At all times material hereto, Plaintiffs normally arrived to work at or before 6:00 a.m.

57.

At all times material hereto, Plaintiffs normally worked daily work shifts with a duration of 12-14 hours.

58.

At all times material hereto, Plaintiffs normally worked such shifts each Monday through Saturday during the months of April through November.

59.

At all times material hereto, Plaintiffs normally worked such shifts each Monday through Friday during the months of December through March.

60.

In May 2015, Juan Carlos asked Defendants to be compensated at time and a half for work he was performing in excess of forty hours in a week.

61.

In May 2015, Defendant Gower replied, 'if you work for me, you will do what I say or leave'.

62.

Defendants terminated Plaintiffs' employment on May 29, 2015.

## COUNT I — FAILURE TO PAY MINIMUM WAGE
## TO PLAINTIFF JUAN CARLOS AGUILAR MENDEZ

63.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

64.

At all times material hereto, Juan Carlos  has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

65.

During approximately the first 3 months of Juan Carlos' employment, from on or about March 2014 through June 2014, Defendants paid him at a daily rate of $90 per day.

66.

During the first 3 months of Juan Carlos' employment, from on or about March 2014 through June 2014, Juan Carlos worked at least 12 hours each work day.

67.

During the first 3 months of Juan Carlos' employment, from in or about March 2014 through June 2014, Defendants failed to compensate him at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

68.

From in or about March 2014 through June 2014, Defendants willfully failed to compensate Juan Carlos at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

69.

Juan Carlos is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of minimum wages as alleged above, Juan Carlos is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of minimum wages, Defendants are liable to Juan Carlos for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME
## TO PLAINTIFF JUAN CARLOS AGUILAR MENDEZ

72.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

73.

At all times material hereto, Juan Carlos was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

74.

During his employment with Defendants, Juan Carlos regularly worked in excess of forty (40) hours each week.

75.

Defendants failed to pay Juan Carlos at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2014 through May 29, 2015.

76.

Defendants willfully failed to pay Juan Carlos at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2014 through May 29, 2015.

77.

Juan Carlos is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Juan Carlos is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

79.

As a result of the underpayment of overtime compensation as alleged above, Juan Carlos is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – ILLEGAL RETALIATION AGAINST PLAINTIFF JUAN CARLOS AGUILAR MENDEZ

80.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

81.

In May 2015, Juan Carlos asked Gower to pay him for overtime in accordance with the FLSA.

82.

Juan Carlos' request as set forth in Paragraph 81 above constitutes protected activity within the meaning of the FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

83.

On or about May 29, 2015, Defendants terminated Juan Carlos' employment.

84.

Defendants terminated Juan Carlos' employment in retaliation for his protected activity, in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

85.

As a direct and foreseeable result of Defendants unlawful retaliation, Juan Carlos has suffered loss of employment, loss of income, loss of retirement and healthcare benefits in an amount to be proven at trial.

86.

Juan Carlos is entitled to liquidated damages in addition to the damages set forth in Paragraph 85, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendants have willfully and repeatedly violated the FLSA.

87.

Defendants are liable to Juan Carlos for his costs of litigation, including his reasonable attorneys' fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

## COUNT IV — FAILURE TO PAY OVERTIME TO PLAINTIFF JOEL AGUILAR MENDEZ

88.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

89.

At all times material hereto, Joel was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

90.

During his employment with Defendants, Joel regularly worked in excess of forty (40) hours each week.

91.

Defendants failed to pay Joel at one and one half times his regular rate for work in excess of forty (40) hours in any week from October 2014 through December 22, 2014.

92.

Defendants failed to pay Joel at one and one half times his regular rate for work in excess of forty (40) hours in any week from April 2015 through May 29, 2015.

93.

Defendants willfully failed to pay Joel at one and one half times his regular rate for work in excess of forty (40) hours in any work week from October 2014 through May 29, 2015.

94.

Joel is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

95.

As a result of the underpayment of overtime compensation as alleged above, Joel is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

96.

As a result of the underpayment of overtime compensation as alleged above, Joel is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT V – ILLEGAL RETALIATION AGAINST
## PLAINTIFF JOEL AGUILAR MENDEZ

### 97.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 98.

In May 2015, Joel's father, Plaintiff Juan Carlos asked Gower to pay him for overtime in accordance with the FLSA.

### 99.

The request as set forth in Paragraph 98 above constitutes protected activity within the meaning of the FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

### 100.

On or about May 29, 2015, Defendants terminated Joel's employment.

### 101.

Defendants terminated Joel's employment in retaliation for protected activity, in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

### 102.

As a direct and foreseeable result of Defendants unlawful retaliation, Joel Carlos has suffered loss of employment, loss of income, loss of retirement and healthcare benefits in an amount to be proven at trial.

103.

Joel is entitled to liquidated damages in addition to the damages set forth in Paragraph 102, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendants have willfully and repeatedly violated the FLSA.

104.

Defendants are liable to Joel for his costs of litigation, including his reasonable attorneys' fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiff Juan Carlos Aguilar Mendez be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiffs be awarded compensatory damages including lost wages and retirement and healthcare against the Defendants jointly and severally in an amount to be determined at trial; plus an additional like amount in liquidated damages, plus Plaintiffs' reasonable attorney's fees and costs;

4. That the Court order the reinstatement of Plaintiffs to their former positions or provide Plaintiffs front pay in lieu of reinstatement;

5. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendants; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER          /S/CHARLES R. BRIDGERS
101 MARIETTA STREET            CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303         GA. BAR NO. 080791
(404) 979-3171
(404) 979-3170 (f)             /S/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com     GA. BAR NO. 262375

                               COUNSEL FOR PLAINTIFFS